**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS EMCASCO INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>SYSTEMS II TRANSPORT INC., SOCORRO COBIAN, Independent Administrator of the Estate of JOSE N. COBIAN, Deceased,<br><br>Defendants | Court No. 24 cv 11020 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, ILLINOIS EMCASCO INSURANCE COMPANY ("EMC"), by its attorneys, BEST, VANDERLAAN & HARRINGTON, and for its Complaint for Declaratory Judgment against Defendants SYSTEMS II TRANSPORT INC. and SOCORRO COBIAN, Independent Administrator of the Estate of JOSE N. COBIAN, states as follows:

**NATURE OF THE ACTION**

1. In this Complaint, EMC seeks a declaratory judgment confirming that it does not owe any potential coverage, duty to defend nor duty to indemnify SYSTEMS II TRANSPORT INC. ("SYSTEMS"), pursuant to a Commercial General Liability Policy nor an Umbrella Liability Policy issued by it to SYSTEMS, with respect to an underlying lawsuit captioned *Socorro Cobian, Independent Administrator of the Estate of Jose N. Cobian, Deceased v. Waldemar Z. Buczak, Roadhandler Express Inc. and Systems II Transport Inc.*, which is pending before the U.S. District Court for the Northern District of Illinois as Cause Number 24-cv-00381 ("the Underlying Suit").

## PARTIES

2. Plaintiff, EMC, is an insurance company that is located and has its principal place of business in Des Moines, Iowa, and is thus a citizen of, Iowa, and issued the insurance policies at issue in this declaratory judgment action.

3. SYSTEMS II TRANSPORT INC. is an Illinois corporation with its principal place of business in Illinois and is an Illinois citizen.

4. SOCORRO COBIAN is an Arkansas citizen, while JOSE N. COBIAN, before his death, was a citizen of California.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(a)(1), (b)(1)-(3), (c)(1)-(2), (d), because all parties are subject to the personal jurisdiction in this District, and because the insurance contract at issue was performed in this District.

## THE UNDERLYING ACTION

7. The Underlying Complaint, a true and correct copy of which is attached hereto as ECF 1-1, alleges that the decedent, JOSE N. COBIAN, was killed in an accident involving a 2007 Kenworth semi-truck that was hauling an attached 2012 Vanguard 53-foot trailer alleged to have been owned by SYSTEMS.

8. It alleges that the Kenworth semi-truck was owned by another underlying defendant, Roadhandler Express Inc. (“Roadhandler”), and driven by a Roadhandler employee, Waldemar Z. Buczak (“Buczak”). *Id*.

9. The Underlying Complaint attempts to impose liability on SYSTEMS by alleging that it, as the owner of the trailer involved in the accident, was an interstate federal motor carrier, and that "the 2007 Kenworth semi-truck and the attached 53-foot loaded refrigerated trailer [owned by SYSTEMS] were a commercial motor vehicle..." *Id*.

10. The Underlying Complaint further alleges that on August 18, 2022, JOSE N. COBIAN died as a result of injuries he suffered in a collision wherein "Mr. Cobian and the Schwinn bicycle he was riding were both struck and run over by the aforesaid commercial motor vehicle…" *Id*.

11. It alleges that Buzcak stopped the commercial motor vehicle, walked back to the area where Mr. COBIAN was lying in the roadway, and then "…scurried back to the commercial motor vehicle and hurriedly left the scene without notifying the authorities of the collision and without attempting to render aid to Mr. Cobian." *Id*.

12. It alleges that Buzcak then drove the commercial motor vehicle to SYSTEMS' address, dropped the trailer, and then left SYSTEMS' place of business and "bobtailed" the semi-truck to where it was regularly parked. *Id*.

13. It alleges that "[t]he fatal collision was caused by the negligent operation of the aforesaid commercial motor vehicle by Waldemar Z. Buczak with permission and in the usual course of the named corporate defendants' respective businesses as interstate motor carriers." *Id*.

14. It alleges that Buczak was the actual employee or statutory employee, pursuant to FMCSR §390.5, of either or both of Roadhandler and/or SYSTEMS. *Id*.

15. It alleges that Buczak, Roadhandler and SYSTEMS are liable pursuant to the Illinois Wrongful Death Act in Count 1. In Count 2, it alleges that Roadhandler is vicariously

liable for Buczak's negligence. In Count 3, it alleges that SYSTEMS is vicariously liable for Buczak's negligence. *Id*.

16. In Count 4, it alleges that Roadhandler and SYSTEMS entered into a mutually beneficial agreement in which each defendant would use each other's trucks, trailers, employees, resources, management, facilities and capital for the purposes of providing ground transportation shipments throughout the United States, and that they shared the ability to control and govern the policies and operations and to share in the gains and profits resulting from the alleged joint venture. As such, it alleges that both Roadhandler and SYSTEMS were negligent through the actions of their actual or statutory employee, Buczak, in the operation of the aforementioned commercial motor vehicle. *Id*.

17. SYSTEMS is being defended in the Underlying Lawsuit by Northland Insurance Company pursuant to a Commercial Insurance Policy it issued to SYSTEMS that contained commercial automobile liability coverage (hereinafter "the Northland Policy"). Plaintiff is not currently in possession of a copy of said Northland Policy but understands that it provides commercial automobile liability coverage and not commercial general liability coverage.

18. A pre-suit request for insurance coverage was made to EMC prior to February 21, 2023, and EMC timely denied coverage under EMC's CGL and Umbrella policies in a letter to SYSTEMS for a number of reasons, including but not limited to an auto exclusion in the policies, and noting also that EMC was not aware of any suit having been filed. The letter specifically asked that if suit was filed, that SYSTEMS provide EMC with a copy of any pleadings so EMC could review the allegations of the same for potential coverage.

19. Recently, counsel for COBIAN sent correspondence to EMC explaining that suit had been filed and providing a copy of the Underlying Complaint filed on January 16, 2024, and

demanding that EMC provide coverage under both the CGL Policy and the Umbrella Policy and contribute $3 million to a settlement of the Underlying Suit.

20. For the reasons explained herein, no potential coverage exists under either EMC Policy and EMC requests a declaratory judgment that it does not owe any potential coverage, duty to defend nor duty to indemnify SYSTEMS with respect to the Underlying Suit or any settlement and/or judgment that may be entered into involving SYSTEMS or entered against SYSTEMS in connection with the same.

## THE EMC POLICIES

21. EMC issued Commercial General Liability policy number 4D1-84-89---22 (the "CGL Policy") and Commercial Umbrella Liability policy number 4J1-84-89---22 (the "Umbrella Policy") to SYSTEMS II TRANSPORT, INC. with effective dates of August 27, 2021 to August 27, 2022 (collectively referred to as the "Policies"). A copy of the CGL Policy is attached as ECF No. 1-2, and a copy of the Umbrella Policy is attached hereto as ECF No. 1-3.

22. The CGL Policy contains the following potentially relevant provisions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.** No other obligation or liability

to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * *

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

* * *

**2. Exclusions**

This insurance does not apply to:

* * *

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

* * *

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

*** * ***

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

*** * ***

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but

only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

* * *

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

*** * ***

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

* * *

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.

Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

**b. Excess Insurance**

**(1)** This insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

* * *

**(iv)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability.

* * *

**(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(b)** The total of all deductible and self insured amounts under all that other insurance.

* * *

**SECTION V – DEFINITIONS**

*** * ***

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

* * *

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**11.** "Loading or unloading" means the handling of property:

**a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

**b.** While it is in or on an aircraft, watercraft or "auto"; or

**c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

* * *

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or shortterm workload conditions.

> **20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

*See* ECF No. 1-2.

23. The Umbrella Policy includes the following relevant provisions:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:
>
> **(1)** The amount we will pay for the "ultimate net loss" is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B.**
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
>
> **b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".
>
> * * *
>
> **2. Exclusions**

This insurance does not apply to:

*** * ***

**f. Auto Coverages**

**(1)** "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

**(2)** Any loss, cost or expense payable under or resulting from any first-party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

* * *

**SECTION II – WHO IS AN INSURED**

**1.** Except for liability arising out of the ownership, maintenance or use of "covered autos":

**a.** If you are designated in the Declarations as:

* * *

**(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

**b.** Each of the following is also an insured:

**(1)** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

* * *

**SECTION IV – CONDITIONS**

* * *

**3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**4. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

**a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

**b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not

payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

* * *

**SECTION V – DEFINITIONS**

* * *

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**3.** "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

* * *

**5.** "Covered auto" means only those "autos" to which "underlying insurance" applies.

* * *

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**11.** "Loading or unloading" means the handling of property:

**a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

**b.** While it is in or on an aircraft, watercraft or "auto"; or

**c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

* * *

**20.** "Self-insured retention" means the dollar amount listed in the Declarations that will be paid by the insured before this insurance becomes applicable only with respect to "occurrences" or offenses not covered by the "underlying insurance". The "self-insured retention" does not apply to "occurrences" or offenses which would have been covered by "underlying insurance" but for the exhaustion of applicable limits.

* * *

**22.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or shortterm workload conditions.

* * *

**COMMERCIAL UMBRELLA AMENDMENT OF COVERAGE**

* * *

**D. Duties in the Event of Occurrence, Offense, Claim or Suit.**

Paragraph **3.a.** of the **Duties in The Event Of Occurrence, Offense, Claim Or Suit Condition – Section IV – Conditions** is replaced by the following:

**3. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. If you notify and "underlying insurer" of an "occurrence" or an offense involving "bodily injury" or "personal and advertising injury" you must see to it that we are also notified in writing as soon as practicable. To the extent possible, notice should include":

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

* * *

**G.** The following definitions under **Section V – Definitions** are replaced by the following:

*** * ***

**24.** "Underlying Insurance" includes:

**a.** any policies of insurance listed in the declarations under the Schedule of "underlying insurance"; and

**b.** any other insurance available to the insured (whether primary, excess, excess umbrella, umbrella or contingent and irrespective of whether the insured elects to call upon such insurance to respond), but only when such other insurance provides the same type of coverage provided in the policies listed in the Schedule of "underlying insurance".

"Underlying insurance" does not include any policy which was purchased specifically to apply in excess of the limits of liability that apply under this policy.

> **25.** "Underlying Insurer" means any insurer which provides any policy of insurance falling within the definition of "underlying insurance".

See ECF No. 1-3.

**<u>COUNT I – Declaratory Relief</u>**

**<u>EMC DOES NOT OWE A DUTY TO DEFEND OR INDEMNIFY SYSTEMS II TRANSPORT INC. FOR THE ALLEGATIONS OF THE UNDERLYING COMPLAINT UNDER THE POLICIES</u>**

24. The allegations made in paragraphs 1-23 above are hereby incorporated as paragraph 23 of Count I as though fully set forth herein.

25. EMC owes no potential duty to defend nor duty to indemnify SYSTEMS with respect to the Underlying Suit for a number of reasons.

26. First, the EMC CGL Policy affords coverage subject to the terms, conditions, limitations and exclusions set forth in the Policy. See ECF No. 1-2.

27. The EMC CGL Policy, however, excludes coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured. *Id.* The exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any "auto" that is owned or operated by or rented or loaned to any insured. *Id.*

28. The CGL Policy defines "auto" to include a trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. *Id.*

29. The trailer that the Underlying Complaint alleges was part of the commercial motor vehicle is alleged to have been, and was, owned by SYSTEMS, and thus qualifies as an "auto" pursuant to the CGL Policy.

30. The Underlying Complaint alleges that Mr. COBIAN was killed in an accident involving a commercial motor vehicle comprised of the Kenworth semi-truck and the SYSTEMS trailer.

31. The liability for "bodily injury" alleged against SYSTEMS in the Underlying Complaint thus arises out of SYSTEMS' ownership of the trailer, and but for SYSTEMS owning the trailer and that trailer being attached to the Kenworth semi-truck, there would be no potential liability imposed on SYSTEMS based on the allegations of the Underlying Complaint.

32. Additionally, the Policy conditions required that if a claim or a "suit" is brought against SYSTEMS, SYSTEMS was to notify EMC and see to it that EMC receive written notice of the "suit" as soon as practicable.

33. However, SYSTEMS did not notify EMC of the accident until 4 months and 17 days after the accident occurred.

34. Similarly, SYSTEMS did not notify EMC of the filing of the Underlying Complaint, and EMC first became aware that the Underlying Complaint had been filed when it received correspondence from counsel for Mr. COBIAN dated July 26, 2024.

35. Further, SYSTEMS did not, as the Policy required, immediately send EMC copies of any demands, notices, summonses, and legal papers received in connection with Mr. COBIAN's Underlying Suit.

36. With respect to the EMC Umbrella Policy, no potential coverage is available under the Umbrella Policy because no coverage is available under any "underlying insurance", as

well as coverage being excluded pursuant to the Umbrella Policy's auto exclusion for the reasons explained above.

37. While the EMC Umbrella Policy's Commercial Umbrella Amendment of Coverage endorsement amended the definition of "underlying insurance" to include "any policies of insurance listed in the declarations under the Schedule of 'underlying insurance'" and "any other insurance available to the insured (whether primary, excess, excess umbrella, umbrella or contingent and irrespective of whether the insured elects to call upon such insurance to respond), but only when such other insurance provides the same type of coverage provided in the policies listed in the Schedule of 'underlying insurance.'"

38. The Umbrella Policy's Schedule of "underlying insurance" identifies only the EMC CGL Policy No. 4D18489. See ECF No. 1-3.

39. The commercial general liability insurance provided by the EMC CGL Policy is not the same type of coverage provided in, for instance, the Northland Policy, which provides SYSTEMS with commercial auto coverage.

40. As a result, the Northland Policy does not qualify as "underlying insurance" based on the definition set forth in the EMC Umbrella Policy, and no potential coverage is afforded to SYSTEMS by the EMC Umbrella Policy for the Underlying Suit.

41. In the alternative to the above, if the Court were to find that any potential coverage is available under either or both EMC Policies for SYSTEMS with respect to the Underlying Suit, which is denied and will continue to be denied, then in the alternative, given that SYSTEMS is being provided with coverage by Northland, pursuant to the Northland Policy, EMC would not owe any duty to defend SYSTEMS with respect to the Underlying Lawsuit because any potential coverage from EMC's Commercial General Liability Policy and Umbrella

Policy would apply in excess to any coverage and the defense being provided to SYSTEMS by Northland.

WHEREFORE, the Plaintiff, ILLINOIS EMCASCO INSURANCE COMPANY, prays that this Court enter judgment in its favor and against all Defendants on Count I of the Complaint for Declaratory Judgment and that:

a) The Court determine and adjudicate the rights of the parties under EMC Policy Nos. 4D1-84-89---22 and 4J1-84-89---22.

b) The Court declare that Defendant SYSTEMS II TRANSPORT INC. is not entitled to any coverage rights or benefits afforded by EMC Policy Nos. 4D1-84-89---22 and/or 4J1-84-89---22, and EMC does not owe any duty to defend or to indemnify SYSTEMS with respect to the Underlying Suit pending in the U.S. District Court for the Northern District of Illinois as Cause Number 24-cv-00381, *Socorro Cobian, Independent Administrator of the Estate of Jose N. Cobian, Deceased v. Waldemar Z. Buczak, Roadhandler Express Inc. and Systems II Transport Inc.*, and/or any other claims made in connection with or otherwise arising out of the facts alleged in the Underlying Suit.

c) The Court determine and adjudicate that EMC does not owe any duty to defend nor to indemnify SYSTEMS II TRANSPORT INC. in connection with the Underlying Plaintiff's claims in the Underlying Suit and/or any other claims made in connection with or otherwise arising out of the facts alleged in the Underlying Suit pending in the U.S. District Court for the Northern District of Illinois as Cause Number 24-cv-00381, *Socorro Cobian, Independent Administrator of the Estate of Jose N. Cobian, Deceased v. Waldemar Z. Buczak, Roadhandler Express Inc. and Systems II Transport Inc.*, and that EMC is not responsible for defending and/or indemnifying any party herein for any damages or relief assessed in the Underlying Suit.

d) Any and all other applicable relief.

Respectfully submitted,
**ILLINOIS EMCASCO INSURANCE COMPANY**

By: *<u>/s/ Daniel T. Loucks</u>*
One of its attorneys

Thomas J. Costello III
Daniel T. Loucks
**Best, Vanderlaan & Harrington**
25 E. Washington St., Suite 800
Chicago, IL 60602
E-Service accepted only at eservice@bestfirm.com